## SUGARMAN vs. THE STATE.

FORFEITED RECOGNIZANCE: *What plea will not release security.*

> In answer to *scire facias* on forfeited recognizance, the surety pleaded that his principal, by reason of mob violence existing in the county before and at the time he should have appeared, and the fear of losing his life by violence, had fled from the county, and that he could not safely have remained in the county and at the court for fear that he would not be protected by the law. On demurrer to plea, *held,* that the averments of the plea were not sufficient to release the security from the forfeiture or the principal from trial.

APPEAL from *Chicot* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*A. H. Garland,* for appellant.

GREGG, J. On the 20th of April, 1870, Francis Kelly, with one Frank and the appellant as his securities; was held to bail in the sum of five hundred dollars, conditioned for his

appearance, on the next day in the Chicot circuit court, to answer for an assault with intent to kill.

In March, 1872, Kelly was called in court and failed to appear, and a forfeiture was taken against him and his securities. The appellant was notified and appeared at the following September term. He answered to the *scire facias* and averred that Kelly remained in the county until December, 1871, and, that on the part of the State, it was tacitly agreed that he should remain peaceably in the county; but in that month a mob took three white men, who were charged with killing "a negro," out of jail and killed them, and, thereafter, a reign of terror existed up to, and at said March term of court; that he had been informed and believed Kelly's life had been threatened, and that, through fear of losing his life, he fled from the county, and was absent from that court; that said Kelly could not have safely remained in the county and at the court for fear of not being protected by the law.

The circuit court properly sustained the demurrer to this response, and the appellant saying nothing further, final judgment was rendered against him, from which he appealed.

There is no averment of any act of God, of the State or a public enemy preventing Kelly from appearing at the court when the forfeiture was taken, and if actual duress was a sufficient excuse, there is no averment here that such duress existed, and we cannot indulge the presumption that a circuit court, when regularly in session and transacting business, would not protect a citizen who would appear there in obedience to its process.

The appellant makes no averment of continued resistance to law and order, nor of Kelly's return, or of his own readiness to surrender him in court to answer the charge, and, one under indictment for felony cannot escape all trial because

his own conduct or accidental surroundings, for a time, made him fear he was in danger to go at large in the county.

In this case, there is not even a positive averment that Kelly was afraid; the security avers he had been informed he was, etc. This cannot release the principal from trial, and the security from the forfeiture. The circuit court committed no error, and its judgment is affirmed.